JOSEPH SCHLUTER and Another, Copartners, Doing Business as SCHLUTER & KELLY, Plaintiffs, *v.* EDWARD W. TERNEY, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, November 27, 1931.

*Nathan Wernick,* for the plaintiffs.

Defendant in person.

SWEEDLER, J. This is a motion to vacate and set aside award of arbitrator and to restore cause to trial calendar. The action is brought to recover eighty-eight dollars for rent. The defendant's answer is a general denial and a demand for a trial by jury.

Upon the calendar call, the parties were asked by the court if they were willing to have the matter submitted to arbitration, and in response agreed thereto, and did sign the following stipulation: " Undersigned, desirous of submitting this action for arbitration, pursuant to Subdiv. 6 of Sec. 6 and Subdiv. 3 of Sec. 8 of the M.C.C., stipulate that the above case may be referred by Mr. Justice Nathan Sweedler to Joseph E. Murphy as Arbitrator, who is to serve without compensation and shall hear the controversy herein. Said arbitrator shall not be bound ·by rules of evidence, but may receive such evidence as seems . to him equitable and proper, and no record of the proceedings before the arbitrator shall be made.

" Further stipulated that upon the filing of the award by the arbitrator with the Clerk of this Court, the Clerk may enter judgment in accordance with the findings of said arbitrator. Said findings shall have the full force and effect of a judgment rendered as upon a trial in this action. Further stipulated that the oath of the arbitrator is waived.

" Dated: Nov. 11, 1931.

" Schluter & Kelly, by John J. Kelly, Plaintiff in Person; N. Wernick, Attorney for Plaintiff.

" Edward W. Terney, Defendant in Person; In Person, Attorney for Defendant."

The court then referred the cause to Joseph E. Murphy as arbitrator, to hear and determine the controversy. Upon the finding and award of the said Joseph E. Murphy, the clerk of this court was then directed to enter judgment in favor of the defendant and against the plaintiffs.

This court has repeatedly made use of this system of arbitration and in this manner disposed of hundreds of cases. When a cause is called for trial, the counsel or parties are asked if they are willing to arbitrate the matter and have some impartial attorney selected by the court to act for such parties. If they so agree, the court selects a counselor at law from among those present in the court room to act as such arbitrator. The parties thereafter sign the

stipulation hereinabove set forth. They adjourn to chambers, where the hearing is held. There, in a most informal manner, both sides relate their story. Rules of evidence are not adhered to. Witnesses are heard in corroboration. After a complete disclosure is made, the arbitrator is in a position to make the award, and upon which finding this court orders judgment entered. The judgment is conclusive. Good will and the spirit of conciliation have supplanted the rigor and at times the harshness of the Rules of Practice. The animus of parties that is not too uncommon in a law suit is absent. Not alone in this respect has this system of arbitration merit, but it serves a more useful purpose, the expeditious disposal of many causes.

It is not improper at this time to comment on the need for some drastic improvements or innovation to alleviate the congestion in the Municipal Court of the City of New York. These are the courts to which the many poor litigants have recourse for the redress of their rights, and it is regrettable that frequently the rights of parties are defeated and judgments recovered rendered valueless because of the many years it takes to reach a cause for trial. It has been with this thought in mind that this court has seen fit to apply this system, above outlined, whenever litigants consent to have their causes arbitrated, and thus to speed up the calendar. The rules of the Municipal Court of the City of New York governing arbitration furnish authority for adopting such means. The emergency existing, it is the firm belief of this court that steps must be taken to remedy this intolerable condition. It is suggested that greater use can and should be made of the method of arbitration. The application of this method results in the disposition of at least ten cases a day, exclusive of the regular trials had before the court. Not alone has its use received the hearty approval of litigants and counsel, but its worth can also be gauged by the fact that never in the one year and a half that it has been in vogue in this court has a single objection been made to the decision or result of any one arbitration. This case has proved itself the exception.

In the instant case the arbitrator found that the defendant was entitled to judgment against the plaintiffs and the plaintiffs feel aggrieved thereby, and now seek to vacate said decision. The stipulation hereinabove set forth was read and understood by the parties. Counsel represented the plaintiffs herein. All agreed to abide by the award of the arbitrator. No claim is made that a full disclosure of the case was not permitted. In the light of all this, the application must be denied.